UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KERVIN MORENO MUJICA, SR.,

    Petitioner,

v.                                                                               Case No. 8:24-cv-2299-WFJ-NHA

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

Kervin Moreno Mujica, Sr., is a Florida prisoner serving a six-year sentence for racketeering, scheme to defraud, and tampering with evidence. He initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). After careful review, the petition is dismissed without prejudice as premature. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

A petitioner must exhaust the remedies available in state court before a federal court can grant habeas relief. 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Here, Mr. Mujica pled guilty and was

sentenced on October 16, 2023. (Doc. 1 at 1). His direct appeal remains pending, *Mujica v. State*, No. 2D23-2504 (Fla. 2d DCA), and he has yet to complete the first round of postconviction review under Florida Rule of Criminal Procedure 3.850, *State v. Mujica*, No. 2017-CF-182 (Fla. 6th Jud. Cir. Ct.). Because Mr. Mujica has failed to exhaust his state-court remedies, his § 2254 petition is premature. *See Wright v. Warden, Fla. Women's Reception Ctr.*, No. 3:23-cv-1077-MMH-LLL, 2023 WL 6064327, at *1 (M.D. Fla. Sept. 18, 2023) ("Wright's direct appeal has not yet concluded; therefore, the [§ 2254] Petition is premature."). Once Mr. Mujica's state-court proceedings conclude, he may challenge his convictions through a federal petition under § 2254.

Accordingly, Mr. Mujica's petition for writ of habeas corpus, (Doc. 1), is **DISMISSED without prejudice as premature**.[1] To the extent that a certificate of appealability is required to appeal from this order, Mr. Mujica fails to make "a substantial showing of the denial of a constitutional right," and thus a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). The **CLERK** is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, on October 2, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

---

[1] This dismissal does not excuse Mr. Mujica from the one-year statute of limitation for federal habeas petitions. *See* 28 U.S.C. § 2244(d). The one-year period is tolled while a properly filed application for state postconviction relief is pending, but the time in which a federal habeas petition is pending does not toll the one-year period. *Duncan v. Walker*, 533 U.S. 167, 172 (2001); *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000).